**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT THOMAS, ET AL. V. LENNOX INDUSTRIES INC. | Case Number: 13-CV-7747<br>Honorable Sara L. Ellis<br>United States District Judge |

**ORDER GRANTING PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT, PROVISIONALLY CERTIFYING THE
PROPOSED SETTLEMENT CLASS AND AUTHORIZING THE DISSEMINATION OF
NOTICE**

This matter is before the Court on the Plaintiffs' motion (Dkt. No. 66) for an order (the "Preliminary Approval Order") to (i) preliminarily approve the Settlement of this Action, in accordance with the Stipulation and Agreement of Settlement dated as of June 26, 2015 (collectively, including the Exhibits, the "Settlement Agreement"), which is attached to, and made a part of this Preliminary Approval Order; (ii) provisionally certify the proposed Settlement Class; (iii) appoint Settlement Class Counsel and Class Representatives; (iv) authorize dissemination of notice; and (v) set a schedule for determination of whether the proposed Settlement should be finally approved, resulting in the dismissal with prejudice of this Action. Having reviewed the motion, the Settlement Agreement, and all papers submitted in support therewith, as well as all of the pleadings and the record in this Action, the Court hereby ORDERS, ADJUDGES and DECREES as follows:

1. The definitions in the Settlement Agreement are hereby incorporated as if fully set forth in this Order, and unless otherwise specified herein capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

2. **Preliminary Findings on the Potential for Final Approval of the Proposed Settlement:** The Court finds that the terms of the Settlement Agreement between

Defendant Lennox Industries Inc. ("Lennox" or "Defendant") and Plaintiffs should be preliminarily approved, subject to final determination by the Court following notice to the proposed Settlement Class, consideration of additional submissions of the Parties and of members of the Settlement Class, and a Final Approval Hearing, as provided for below. The Court preliminarily finds that the proposed Settlement: (a) falls within the range of possible approval and thus has potential for final approval as being fair, adequate and reasonable; (b) is the product of arm's-length non-collusive negotiations; (c) has no obvious deficiencies; and (d) does not improperly grant preferential treatment to Class Representatives. Therefore, notice of the proposed Settlement should be disseminated in accordance with the provisions of this Order.

3. **Preliminary Class Certification:** For purposes of this proposed Settlement only, and pending final approval of the Settlement Agreement after a Final Approval Hearing, the Court preliminarily finds that the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met, and therefore the Court provisionally certifies a Settlement Class consisting of:

> All Persons who are residents of the United States and who purchased on or after October 29, 2007 through July 9, 2015 at least one uncoated copper tube Lennox brand, Aire-Flo brand, Armstrong Air brand, AirEase brand, Concord brand, or Ducane brand evaporator coil (whether purchased separately, as part of an air handler, or as part of a packaged unit), for their personal, their family, or their household purposes, that was purchased new, covered by an Original Warranty when purchased, and installed in a house, condominium unit, apartment unit, or other residential dwelling located in the United States.

Excluded from the Settlement Class are (1) the judge to whom this Action is assigned and any member of the judge's immediate family; (2) the lawyers in this Action and any members of their immediate families; (3) the First Mediator and the Second Mediator and any members of

their immediate families; and (4) the government of, and each department of the United States, the District of Columbia, each of the 50 States, each county, city, municipality, and town within each of the 50 States, and each other political subdivision of the United States, the District of Columbia, and each of the 50 States.

4. **Preliminary Class Findings:** The Court preliminarily finds that, solely for purposes of the proposed settlement, certification of the proposed Settlement Class is warranted because: (a) the members of the proposed Settlement Class are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the proposed Settlement Class; (c) Plaintiffs' claims present issues that are typical of the proposed Settlement Class; and (d) the Plaintiffs and Class Counsel (as defined below) will fairly and adequately represent and protect the interests of the proposed Settlement Class. The Court further preliminarily finds that for purposes of this proposed Settlement issues of law and fact common to the proposed Settlement Class predominate over issues affecting only individual members of the proposed Settlement Class and that settlement of this action is superior to other means available for fairly and efficiently adjudicating the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this Action.

5. **Class Counsel and Class Representatives:** For purposes of these settlement approval proceedings, the Court finds that proposed Class Counsel are competent and capable of exercising their responsibilities, and that proposed Class Counsel and the proposed Class Representatives have fairly and adequately represented the interests of the Settlement Class. The Court appoints the law firms of Kohn, Swift & Graf, P.C., Quantum Legal Group, and Seeger Weiss LLP as Class Counsel for the proposed Settlement Class. Plaintiffs Robert Thomas, Scott

3

Patrick Harris, Michael Bell, Sandra Palumbo, Frank Karbarz, and Thomas Davis are appointed as the Class Representatives for the proposed Settlement Class.

6. **Notice:** The Court appoints Kurtzman Carson Consultants, LLC as the Notice Expert for the Settlement Class, who will administer the Notice Plan in accordance with the Settlement Agreement. The Court approves the form and content of the Long-Form Notice, Summary Notice, Postcard Notice, Dealer Notice, and Internet Banners (the "Notices") attached as Exhibits A-1, A-2, A-3, A-4 and A-5 respectively to the Settlement Agreement. The Court finds that the Notice Plan, included in the Settlement Agreement and the Declaration of Gina M. Intrepido-Bowden on Settlement Notice Plan and Notice Documents, constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto, and that the Notice Plan complies fully with the requirements of Federal Rule of Civil Procedure 23 and provides Settlement Class Members due process under the United States Constitution. The Court further gives its approval to the procedures for mailing, publication and dissemination of the Notices and related Settlement information as set forth in the Notice Plan, which shall include the following, without limitation:

    a. Within 50 days following entry of this Preliminary Approval Order or as soon thereafter as practicable, the Notice Expert shall cause the Postcard Notice, substantially in the form of Exhibit A-3 to the Settlement Agreement, to be mailed by U.S. first class mail, postage prepaid to Settlement Class members who have been identified in Lennox's warranty database and other records.

    b. On or before the first date the Postcard Notice is mailed to Settlement Class Members, the Notice Expert shall establish a toll-free telephone

4

number for automated telephone support, by means of which Settlement Class Members may (i) obtain general information about the Settlement, (ii) request copies of the Notice or other Settlement Documents, as well as Claim Forms and other documents that are part of the claims process, and (iii) listen to responses to frequently asked questions.

c. Within 50 days following entry of this Preliminary Approval Order or as soon thereafter as practicable, the Notice Expert shall cause the Summary Notice, substantially in the form of Exhibit A-2 to the Settlement Agreement, to be published in consumer magazines as detailed in the Notice Plan.

d. On or before the first date the Postcard Notice is mailed to Settlement Class Members, the Notice Expert shall establish and publish a Settlement Website at a readily accessible internet address, as described in the Notice Plan. The Summary Notice, Long-Form Notice, Settlement Agreement, Complaint, Answer, Claim Form, Request for Benefits Form, this Order, and other documents as agreed between the Parties, shall be readily accessible and downloadable through navigable and well-labeled links. The Settlement Website shall provide means by which Settlement Class Members who do not choose to exclude themselves from the Settlement Class may electronically complete and submit Claim Forms and Request for Benefits Forms, including the functionality necessary to upload any supporting documents required to submit such forms and instructions on where, in the alternative, a Settlement Class Member may mail such forms

5

and supporting documents. The Settlement Website shall provide a mailing address and email address to which Settlement Class Members may direct questions concerning the Settlement, the Notice, the Claims process or any other pertinent issue, and it shall also feature the toll-free telephone number for the automated telephone support. The Notice Expert shall identify the web address of the Settlement Website in all Notices that the Notice Expert shall cause to be mailed, provided, published or otherwise disseminated pursuant to this Order. The Settlement Website shall list important dates, including the scheduled date and time of the Final Approval Hearing.

e. Within 50 days following entry of this Preliminary Approval Order or as soon thereafter as practicable, the Notice Expert shall cause internet banners, substantially in the form of Exhibit A-5 to the Settlement Agreement, containing an embedded link to the Settlement Website, to be posted over approximately a one-month period, as further described in the Notice Plan.

f. No later than 10 business days after the Notice Expert publishes the Settlement Website, Lennox shall publish to the residential products section of its website information concerning the Settlement, including a live link to the Settlement Website. Nothing in this Order shall be construed to require Lennox to publish on its website the Disclosure set forth in Exhibit E to the Settlement Agreement until the Effective Date. If Lennox maintains separate websites for each of the brands that are the

subject of the Settlement, the provisions in this Paragraph 6.f of this Preliminary Approval Order shall apply to each such website.

g.  Within 50 days following entry of this Preliminary Approval Order or as soon thereafter as practicable, Lennox shall transmit to independent Lennox dealers then listed at www.lennox.com information concerning the Settlement Agreement, substantially in the form of Exhibit A-4 to the Settlement Agreement. Nothing in this Order may be construed as imposing upon Lennox dealers any obligation to participate or assist in the Notice Plan, and no Lennox dealer's assistance or participation in the Notice Plan will alleviate Lennox, Class Counsel or any Class Representative of any other obligation concerning the Notice Plan, which remains solely the responsibility of Lennox, Class Counsel and the Class Representatives. No Settlement Class Member may assert a claim under law or equity against any Lennox dealer solely on the basis that such dealer provided, or failed to provide, any information or documents relating to the Settlement.

h.  At least seven days before the date fixed by this Court for the Final Approval Hearing, Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the Notice Expert, showing that mailing and publication and all other required elements of the Notice Plan were made in accordance with this Order.

i.  At least seven days before the date fixed by this Court for the Final Approval Hearing, Counsel for Lennox shall file with the Clerk of this

        Court an affidavit or declaration of an applicable Lennox representative, showing that those elements of the Notice Plan that are Lennox's responsibility, specifically as set forth in Paragraphs 6.f. and 6.g of this Preliminary Approval Order, were made in accordance with this Order.

    j.    Lennox shall pay the reasonable and necessary costs and expenses for administration and implementation of the Notice Plan mandated by this Order. Payment of such costs and expenses shall not be contingent upon any further action of the Court, including without limitation any decision on a Motion for Final Approval of the Settlement.

7.    **Claims Administration:** The Court appoints Kurtzman Carson Consultants, LLC as the Settlement Administrator, who will administer the Claims Administration Plan in accordance with the Settlement Agreement. In accordance with the Settlement Agreement and the Claims Administration Plan, the First Phase of the claims process will be administered by the Settlement Administrator and the Second Phase of the claims process will be administered by Lennox. The Court preliminarily finds that the proposed Claims Administration Plan, substantially in the form of Exhibit B to the Settlement Agreement, fairly and adequately addresses the matters of settlement administration, claims submission and provision of the Class Settlement Consideration to Authorized Claimants.

8.    **Final Approval Hearing:** The Court will hold a Final Approval Hearing on December 2, 2015 at 9:30a.m. at the Everett McKinley Dirksen Building, 14th Floor, 219 South Dearborn Street, Chicago, IL 60604, to determine whether the Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the

Settlement Class and should be finally approved and whether the Final Judgment and Order of Dismissal, substantially in the form of Exhibit D to the Settlement Agreement, should be entered. At the Final Approval Hearing the Court will also consider the motion of Class Counsel for an award of attorneys' fees, reimbursement of expenses, and service awards to the Class Representatives. Any Settlement Class Member who follows the procedures set forth in this Order and the Notices may appear and be heard at this Final Approval Hearing. The date and time of the Final Approval Hearing shall be set forth in the Notices. The Final Approval Hearing may be continued without further notice to the proposed Settlement Class, except that Class Counsel shall cause any newly established date and time for the Final Approval Hearing to be announced on the Settlement Website within five business days of entry of an order setting such new date and time.

9. **Requests for Exclusion From the Proposed Class:** All requests for exclusion from the proposed Settlement Class, as more fully explained in the Notices, shall be mailed to the Settlement Administrator, postmarked no later than October 28, 2015, and shall otherwise comply with the requirements set forth in the Notices. Persons requesting to be excluded from the Settlement Class shall not file their requests for exclusion with the Clerk of the Court. Within 14 days after the Court-ordered deadline for timely and properly opting out from the Settlement Class, but in no event later than seven calendar days before the Settlement Approval Hearing, the Settlement Administrator shall provide to the Court and Parties' Counsel the names and addresses of the Persons who timely and properly opted out of the Settlement Class, as well as the total number of such Persons. The Court will exclude from the Settlement Class those who timely and validly request exclusion in substantial compliance with the requirements of this Preliminary Approval Order, the Notices, and the Claims Administration Plan. If a timely and

valid request for exclusion is made by a Settlement Class Member, then that Settlement Class Member will not be entitled to participate in the Settlement and cannot object to the Settlement. In the event the Settlement is finally approved, all Settlement Class Members (whether or not the Settlement Class Member submits a valid Claim Form) who have not validly excluded themselves from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and the Settlement contemplated thereby.

10. **Objections to the Proposed Settlement or the Motion for Award of Attorneys' Fees, Expenses and Service Awards:** Any Settlement Class Member who wishes to object to the terms of the Settlement Agreement or to Class Counsel's request for an award of attorneys' fees, expenses, and service awards, must do so in writing. Objections shall be mailed to the Clerk of this Court and the Settlement Administrator, postmarked no later than October 28, 2015, and shall otherwise comply with the requirements set forth in the Notices. If the objector wishes to appear at the Final Approval Hearing either in person or through counsel, the objector must give notice of intent to appear in writing in addition to or simultaneously with their written objection. Notice of intent to appear at the Final Approval Hearing shall be mailed to the Clerk of this Court and the Settlement Administrator, postmarked no later than October 28, 2015, and shall otherwise comply with the requirements set forth in the Notices. All objectors shall make themselves available to be deposed by Class Counsel and Defendant's Counsel in the county of the objector's residence within seven days of service of his or her timely written objection. Any responses to objections must be filed with the Court at least 14 days prior to the Final Approval Hearing. Any Settlement Class Member who does not object in the manner provided in this Preliminary Approval Order, the Notices, and the Claims Administration Plan shall be deemed to have waived such objection and shall forever be foreclosed from making any

objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Settlement Agreement and to the award of attorneys' fees and expenses to Class Counsel and service awards to the Class Representatives, and shall otherwise be bound by the Final Judgment and Order of Dismissal to be entered and the releases to be given.

11. **Motion for Final Approval and for an Award of Attorneys' Fees, Expenses, and Service Awards:** Class Counsel shall file with the Court their motion for final approval of the proposed Settlement and their request for an award of attorneys' fees, expenses, and service awards no later than 42 days prior to the Final Approval Hearing date.

12. The Court reserves the right to adjourn, reschedule, or extend the date or dates of the Final Approval Hearing or modify any other dates set forth in this Preliminary Approval Order without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

13. The Court further orders that (a) all proceedings in the Action are stayed, other than proceedings in furtherance of the Settlement; and (b) all Settlement Class Members and all Persons acting or purporting to act on behalf of any Settlement Class Member(s), who do not timely and properly opt-out from the Settlement Class in accordance with the court-ordered procedures, are enjoined under applicable law, including but not limited to the All Writs Act, 28 U.S.C. 1651, the Anti-Injunction Act, 28 U.S.C. 2283, and Federal Rule of Civil Procedure 65, from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on personal injury), in any jurisdiction, court or forum against a Released Party relating to or arising out of the subject matter of the Action.

14. Neither the Settlement Agreement, nor the fact or any terms of the Settlement, is evidence, or an admission or concession by any Party, any Released Party or any signatory to the Settlement Agreement, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings. The Settlement Agreement is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action or any wrongdoing by the Defendant or any damages or injury to any Settlement Class Member. Neither the Settlement Agreement, nor any of the terms and provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith: (a) will (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of the validity or infirmity of any defense, or of any damage to any Plaintiff or any Settlement Class Member; or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Action, or of any purported liability, fault, or wrongdoing of the Released Parties or of any injury or damages to any Person; or (b) will otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever. Except in connection with consummating or enforcing the Settlement Agreement, this Preliminary Approval Order, or the Final Judgment and Order of Dismissal, including but not limited to defending any actions brought against Lennox by Settlement Class Members or other parties, Plaintiffs and Defendant shall not offer or

12

attempt to offer the provisions of the Settlement Agreement, this Preliminary Approval Order, or the Final Judgment and Order of Dismissal into evidence or use them in any manner or for any purpose, including but not limited to claim preclusion (res judicata), issue preclusion (collateral estoppel) or judicial estoppel, in this Action or any other actions or proceedings, whether civil, criminal, or administrative, and Plaintiffs and Defendant intend that the provisions of the Settlement Agreement, this Preliminary Approval Order, and the Final Judgment and Order of Dismissal shall not be offered or received as evidence or used by any other Persons in any such actions or proceedings.

15. If (i) the Settlement Agreement is terminated by Defendant pursuant to Section IV.J.1 of the Settlement Agreement, (ii) any specified condition to consummation of the Settlement set forth in Section IV.J.3 of the Settlement Agreement is not satisfied for any reason, (iii) the Settlement is disapproved, (iv) the Court declines to enter the Final Judgment and Order of Dismissal in substantially the form attached as Exhibit D to the Settlement Agreement, (v) said judgment is reversed or (vi) the Effective Date otherwise does not occur, then, in any such event:

   a. The Term Sheet (including any amendment(s)), the Settlement Agreement (including any amendment(s)), and all orders entered and releases delivered in connection with the Settlement, including without limitation the certification of the Action as a Settlement Class action, this Preliminary Approval Order, the Final Judgment and Order of Dismissal and the Fee and Expense Award, will be null and void and of no further force or effect, without prejudice to either Party, and may not be introduced as evidence, referred to, or used as the basis for any arguments or taking any position whatsoever in any actions or proceedings by any Person or entity, in any manner or

for any purpose, including but not limited to claim preclusion (res judicata), issue preclusion (collateral estoppel) or judicial estoppel; and

b. Each Party will be restored to his or its respective position as of the date the Term Sheet was circulated (January 7, 2015) and they will proceed in all respects as if the Term Sheet had not been circulated, the Settlement Agreement had not been entered into, and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action will be preserved without prejudice in any way.

c. In addition, the Released Parties shall retain all substantive and procedural rights and defenses, including but not limited to the right to take any action and take any position in opposition to certification of a litigation class action, which rights and defenses shall not be affected by the doctrines of judicial estoppel, issue preclusion (collateral estoppel) or claim preclusion (res judicata), or any other doctrine, or waived, limited, or prejudiced in any way whatsoever by the Parties' efforts to obtain approval of the certification of a Settlement Class action, the Settlement, and the Settlement Agreement.

IT IS SO ORDERED.

Dated: July 9, 2015

_____
SARA L. ELLIS
UNITED STATES DISTRICT JUDGE