UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT THOMAS, ET AL. V. LENNOX INDUSTRIES INC. | Case Number: 13-CV-7747<br>Honorable Sara L. Ellis<br>United States District Judge |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing pursuant to the Order of this Court, dated July 9, 2015 ("Preliminary Approval Order"), and on the application of the Plaintiffs for a judgment finally approving the Settlement that is set forth in the Stipulation and Agreement of Settlement dated as of June 26, 2015 (collectively, including the Exhibits, the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had for this matter and otherwise being fully informed in the premises and good cause appearing thereupon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Judgment and Order of Dismissal incorporates by reference the Preliminary Approval Order. This Final Judgment and Order of Dismissal further incorporates by reference the definitions in the Settlement Agreement, and unless otherwise specified herein all capitalized terms contained in this Final Judgment and Order of Dismissal shall have the meanings attributed to them in the Settlement.

2. For purposes of effectuating this Settlement only, the Court hereby Orders final certification of the proposed Settlement Class, having found that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met. The Settlement Class is defined as follows:

All Persons who are residents of the United States and who

>purchased on or after October 29, 2007 through July 9, 2015 at least one uncoated copper tube Lennox brand, Aire-Flo brand, Armstrong Air brand, AirEase brand, Concord brand, or Ducane brand evaporator coil (whether purchased separately, as part of an air handler, or as part of a packaged unit), for their personal, their family, or their household purposes, that was purchased new, covered by an Original Warranty when purchased, and installed in a house, condominium unit, apartment unit, or other residential dwelling located in the United States.

Excluded from the Settlement Class are (1) the judge to whom this Action is assigned and any member of the judge's immediate family; (2) the lawyers in this Action and any members of their immediate families; (3) the First Mediator and the Second Mediator and any members of their immediate families; and (4) the government of, and each department of the United States, the District of Columbia, each of the 50 States, each county, city, municipality, and town within each of the 50 States, and each other political subdivision of the United States, the District of Columbia, and each of the 50 States.

3. A list of those Persons who timely and validly filed requests for exclusion from the Settlement Class is attached as Exhibit A to this Final Judgment and Order of Dismissal and is incorporated by reference as though fully set forth herein. The Persons appearing on Exhibit A shall not be members of the Settlement Class and shall have no right to receive any Class Settlement Consideration. All members of the Settlement Class (whether or not he, she or it submits a valid Claim Form) who have not validly excluded themselves from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and the Settlement contemplated thereby.

4. The Court appoints Plaintiffs Robert Thomas, Scott Patrick Harris, Michael Bell, Sandra Palumbo, Frank Karbarz, and Thomas Davis to serve as representatives of the Settlement Class ("Class Representatives"). The Court appoints the law firms of Kohn, Swift & Graf, P.C.,

2

Quantum Legal Group, and Seeger Weiss LLP as Class Counsel for the proposed Settlement Class.

5. Solely for the purposes of effectuating the Settlement, with respect to the Settlement Class and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court further finds and concludes that:

    a) Solely for purposes of the proposed settlement, certification of the Settlement Class is warranted because: (a) the members of the Settlement Class are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims present issues that are typical of the proposed Settlement Class; and (d) the Plaintiffs and Class Counsel fairly and adequately represent and protect the interests of the Settlement Class. The Court further finds that for purposes of this Settlement issues of law and fact common to the Settlement Class predominate over issues affecting only individual Settlement Class Members and that settlement of this action is superior to other means available for fairly and efficiently adjudicating the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this Action.

    b) Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that said notice and the related Notice Plan provided for the best notice practicable under the circumstances to all

    Persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

c) The Court finds that the proposed Claims Administration Plan fairly and adequately addresses the matters of settlement administration, claims submission and provision of the Class Settlement Consideration to Authorized Claimants. In accordance with the Settlement Agreement and the Claims Administration Plan, the First Phase of the claims process shall be administered by the Settlement Administrator and the Second Phase of the claims process shall be administered by Lennox. To become an Authorized Claimant to the Class Settlement Consideration, a Settlement Class Member must submit a claim in the manner set forth in the instructions accompanying the Claim Form. Defendant shall provide the appropriate Class Settlement Consideration to Authorized Claimants in accordance with the Claims Administration Plan, the Certificate, and the Settlement Agreement.

d) All Settlement Class Members whose claims are not approved (including, without limitation, anyone who does not submit a Claim Form by the end of the Claims Period) will be barred from participating in the provision of Class Settlement Consideration, but in all other respects will be bound by all of the terms of the Settlement Agreement and the terms of this Final Judgment and Order of Dismissal, including without limitation, the releases provided for in the Settlement Agreement and in this order, and will be barred from bringing or prosecuting any action against the Released Parties concerning the Released Claims. Settlement Class Members who timely submit a claim have the right to

challenge a rejection of their claim in accordance with the terms of the Settlement Agreement.

e) The Court overrules any and all objections by Settlement Class Members and finds they are no impediment to approval of the Settlement.

f) The Court finds that the Settlement Agreement was arrived at in good faith following extensive arm's-length negotiations between experienced counsel, and the Settlement is fair, reasonable and adequate as to all Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Court therefore approves the Settlement Agreement and the Settlement contemplated thereby in all respects, and orders the Parties to perform in accordance with its terms to the extent the Parties have not already done so.

g) This Action and all of the Released Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

h) Upon the Effective Date, the Plaintiffs and the Settlement Class shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished and discharged the Released Parties from all Released Claims.

i) Upon the Effective Date, the Defendant and the Released Parties shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, the Settlement Class and Class Counsel from all claims, known or unknown,

    based upon or arising out of the institution, prosecution, settlement or resolution of (i) the Action or (ii) the Released Claims.

j) The Court further orders that (a) all proceedings in the Action are stayed, other than proceedings in furtherance of the Settlement; and (b) all Settlement Class Members and all Persons acting or purporting to act on behalf of any Settlement Class Member(s), who did not timely and properly opt-out from the Settlement Class in accordance with the court-ordered procedures, are enjoined under applicable law, including but not limited to the All Writs Act, 28 U.S.C. 1651, the Anti-Injunction Act, 28 U.S.C. 2283, and Federal Rule of Civil Procedure 65, from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on personal injury), in any jurisdiction, court or forum against a Released Party relating to or arising out of the subject matter of the Action.

k) Neither the Settlement Agreement, nor the fact or any terms of the Settlement, is evidence, or an admission or concession by any Party, any Released Party or any signatory to the Settlement Agreement, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings. The Settlement Agreement is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action or any wrongdoing by the Defendant or any damages or injury to any Settlement Class Member. Neither the Settlement Agreement, nor any of the terms and provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements

referred to therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith: (a) will (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of the validity or infirmity of any defense, or of any damage to any Plaintiff or any Settlement Class Member; or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Action, or of any purported liability, fault, or wrongdoing of the Released Parties or of any injury or damages to any Person; or (b) will otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever. Except in connection with consummating or enforcing the Settlement Agreement, the Preliminary Approval Order, or this Final Judgment and Order of Dismissal, including but not limited to defending any actions brought against Lennox by Settlement Class Members or other parties, Plaintiffs and Defendant shall not offer or attempt to offer the provisions of the Settlement Agreement, the Preliminary Approval Order, or this Final Judgment and Order of Dismissal into evidence or use them in any manner or for any purpose, including but not limited to claim preclusion (res judicata), issue preclusion (collateral estoppel) or judicial estoppel, in this Action or any other actions or proceedings, whether civil, criminal, or administrative, and Plaintiffs

and Defendant intend that the provisions of the Settlement Agreement, the Preliminary Approval Order, and this Final Judgment and Order of Dismissal shall not be offered or received as evidence or used by any other Persons in any such actions or proceedings.

l) The Court finds that a Fee and Expense Award of $1,250,000.00 is fair and reasonable. The Court further finds that a service award of $2,500.00 to each Class Representative is fair and reasonable, which service awards shall be paid from the Fee and Expense Award. Therefore, pursuant to the Settlement Agreement, Defendant shall pay, within ten business days after the Effective Date, the amount of the Fee and Expense Award via wire transfer or check sent via FedEx or other overnight delivery method to Kohn, Swift & Graf, P.C., as receiving agent for Class Counsel, in full satisfaction of any claim for attorneys' fees and expenses or service awards, subject to the terms and conditions of the Settlement Agreement.

m) Pursuant to the agreement of the Parties, the Court hereby severs the above Fee and Expense Award from this Final Judgment and Order of Dismissal so that it shall immediately become a separate and independent Order and not part of this Final Judgment and Order of Dismissal.

n) Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and the Claims Administration Plan, including without limitation, administrative determinations of the Settlement Administrator or Lennox accepting and rejecting claims and any provision of Class Settlement

Consideration; (b) the payment of attorneys' fees and expenses; and (c) both Parties and the Parties' Counsel for the purpose of construing, enforcing, and administering the Settlement Agreement.

o) If (i) the Settlement Agreement is terminated by Defendant pursuant to Section IV.J.1 of the Settlement Agreement, (ii) any specified condition to consummation of the Settlement set forth in Section IV.J.3 of the Settlement Agreement is not satisfied for any reason, (iii) the Settlement is disapproved, (iv) the Court declines to enter the Final Judgment and Order of Dismissal in substantially the form attached as Exhibit D to the Settlement Agreement, (v) said judgment is reversed or (vi) the Effective Date otherwise does not occur, then, in any such event:

1) The Term Sheet (including any amendment(s)), the Settlement Agreement (including any amendment(s)), and all orders entered and releases delivered in connection with the Settlement, including without limitation the certification of the Action as a Settlement Class action, the Preliminary Approval Order, this Final Judgment and Order of Dismissal and the Fee and Expense Award, will be null and void and of no further force or effect, without prejudice to either Party, and may not be introduced as evidence, referred to, or used as the basis for any arguments or taking any position whatsoever in any actions or proceedings by any Person or entity, in any manner or for any purpose, including but not limited to claim preclusion (res judicata), issue preclusion (collateral estoppel) or judicial estoppel; and

2) Each Party will be restored to his or its respective position as of the date the Term Sheet was circulated (January 7, 2015) and they will proceed in all respects as if the Term Sheet had not been circulated, the Settlement Agreement had not been entered into, and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action will be preserved without prejudice in any way.

3) In addition, the Released Parties shall retain all substantive and procedural rights and defenses, including but not limited to the right to take any action and take any position in opposition to certification of a litigation class action, which rights and defenses shall not be affected by the doctrines of judicial estoppel, issue preclusion (collateral estoppel) or claim preclusion (res judicata), or any other doctrine, or waived, limited, or prejudiced in any way whatsoever by the Parties' efforts to obtain approval of the certification of a Settlement Class action, the Settlement, and the Settlement Agreement.

IT IS SO ORDERED.

Dated: December 9, 2015

                                                  SARA L. ELLIS
                                                  UNITED STATES DISTRICT JUDGE